ELLEN VALLIE, administratrix, *vs.* AMOS B. HALL.

Worcester.    September 29, 1903. — November 25, 1903.

Present: KNOWLTON, C. J., MORTON, LATHROP, BARKER, HAMMOND, LORING, & BRALEY, JJ.

*Master and Servant.    Negligence,* Employer's liability.

If the owner of a building leased to another retains an office in it, furnishes materials for keeping the building in order, and hires, pays and directs an "all round" man employed to do general repairs in the building, and if the owner goes to the basement of the building where this man is at work and orders him to empty certain varnish from a leaking barrel into other receptacles, and the man in doing this work is injured, the relation of master and servant may be found to have existed between the two at the time of the injury.

In an action against the owner of a building, for personal injuries from an explosion of varnish which the plaintiff had been ordered by the defendant to empty from a leaky barrel into other receptacles, it appeared that the plaintiff was an experienced carpenter employed by the defendant as an "all round" man to do general repairs in the building, and the defendant was not shown to have had any knowledge of the qualities of varnish other than that of an owner of buildings in the care of which he had caused varnish to be used. The plaintiff in the course of his work procured a lantern and held it near the bunghole of the barrel of varnish, when the explosion occurred. *Held,* that there was no evidence that the defendant had more knowledge of the danger or more opportunity for such knowledge than the plaintiff, and, as the plaintiff was proceeding under general directions and his injury came from the way he selected for doing the work, his injury if not caused by his own negligence was without fault on the part of the defendant.

TORT for personal injuries alleged to have been received by the plaintiff's intestate while in the employ of the defendant. Writ dated January 10, 1902.

At the trial in the Superior Court before *Hardy,* J., there was evidence, that the plaintiff's intestate was employed as an " all round " man to do carpentering and general repairs at the Commonwealth Hotel in Worcester, owned by the defendant, leased to one Sanderson and occupied at the time of the accident by one Salla as assignee of the lease; that, while the plaintiff's intestate was at work in the basement of the hotel, the defendant came there and ordered him to empty a large barrel of varnish that had been leaking and to put the varnish into certain cans and a smaller barrel which were there, that there were steam pipes in the basement which was a hot place, hotter

than a bakery; that the intestate, having filled some of the cans, was filling the small barrel, that his son, a boy eleven years of age at the time of the trial, was with him, and testified that he told his father that the small barrel was almost full, whereupon the intestate tried to turn on an electric light overhead, to see how much varnish was left in the barrel, that the fuse of the electric light had burned out, and the intestate sent the boy to get a lantern from the engineer, that the intestate took the lantern and holding it almost a foot from the barrel looked into the bunghole where the varnish had run out, when an explosion occurred from which the intestate received his injuries.

At the close of the evidence the judge refused to rule that upon the evidence and the pleadings the plaintiff was not entitled to maintain her action. The jury returned a verdict for the plaintiff in the sum of $1,500; and the defendant alleged exceptions, including an exception to certain portions of the judge's charge. The questions raised appear by the opinion.

The case was argued at the bar in September, 1903, before *Knowlton*, C. J., *Morton, Barker, Hammond, & Loring*, JJ., and afterwards was submitted on briefs to all the justices.

*B. W. Potter & P. Potter*, for the defendant.

*R. Hoar*, for the plaintiff.

BARKER, J. We think there was evidence for the jury upon the issue whether the relation of master and servant existed between the plaintiff's intestate and the defendant who was the owner of the building in which the intestate was employed. According to the defendant's own testimony he had his own office in the building, furnished materials for keeping it in order and when consulted by the intestate as to what should be done by the latter with the varnish which the defendant owned did not refer him to any one else for directions. The defendant also admitted that at one time he had hired the intestate to finish off some rooms in the upper part of the building. The first lessee testified that the defendant hired the intestate and gave him orders and paid him, and the boy who was present at the time of the explosion testified that the defendant came down to the basement and directed the intestate to do the work upon which he was engaged when hurt. There was evidence from which the jury could find that that work was not a mere single instance of gratuitous service.

The defendant was not shown to have had any knowledge of the qualities of varnish other than that of an owner of houses and buildings in the care and keeping in order of which he had caused varnish to be used. The intestate was a man of mature years having a son who was eleven years of age at the time of the trial. He was a carpenter by trade and had worked for the Norcross concern as well as for others, and there was no dispute but that he had been employed at the building which was a large one comprising a hotel, with stores and offices, for some years as an all round man to make repairs and keep things in order. The plaintiff herself testified that he did " everything and repairing" around the building, and there was nothing to contradict the testimony of the defendant and of the later lessee that the intestate did painting. But even if the jury should disbelieve that testimony there was nothing to throw doubt upon the fact that the intestate was a carpenter of experience. We think it follows that he must be deemed to have had equal knowledge of the qualities of varnish with that with which the defendant from his own knowledge and experience must be deemed to have had. It was for the plaintiff to produce evidence from which fairly the inference could be drawn that the defendant knew the danger of an explosion while the plaintiff's intestate did not. In our opinion the evidence would justify no such inference. Whether the intestate did painting or not his experience as a carpenter as well as his work as an all round man in the building where he was hurt must have given him as great familiarity with varnish as the defendant's experience with the care and repair of buildings could give.

The case seems to us one in which all that fairly can be said is that the employer had no more knowledge of the danger and no more opportunity for such knowledge than the servant, and that the servant proceeding under the most general directions to do by himself and in his own time and way a certain work which could have been done with safety and receiving an injury which came from the way which he himself selected, was injured if not by his own negligence, at least without any fault on the part of his employer, so far as fairly could be found from the evidence. If the danger was obvious, one knew it as well as the other. If it was unknown to the intestate the evidence would

not justify a finding that it was better known to the defendant, or that he had had better opportunity to know it, than his servant.

*Exceptions sustained.*